IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND and HOWARD McDOUGALL, trustee, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08 CV 1579 |
| TRI-STARR MANAGEMENT SERVICES, INC., a Texas Corporation, | ) ) ) | District Judge Nordberg Magistrate Judge Cox |
| Defendant. | ) ) ) | |

**DEFENDANT'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant, TRI-STARR MANAGEMENT SERVICES, INC., ("TMSi"), by and through its undersigned counsel and pursuant to Rule 8 of the Federal Rules of Civil Procedure, answers Plaintiffs' Complaint as follows:

1. TMSi acknowledges that Plaintiffs purport to bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001, *et seq.* TMSi denies that Plaintiffs have any valid claims or is entitled to any remedy or relief in this action

2. TMSi admits that this Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1) and 1132(f).

3. TMSi admits the allegations contained in paragraph 3 of the Complaint except to deny that Plaintiffs have any valid claims or are entitled to any remedy or relief in this action.

4. TMSi admits the allegations contained in paragraph 4 of the Complaint.

5. TMSi is without knowledge or information sufficient to form a belief as to the truth of the allegations that "principal income from such contributions and investments…[is] used for the exclusive purpose of providing Health and Welfare benefits to participants and beneficiaries," and so denies them. TMSi admits the remaining allegations contained in paragraph 5 of the Complaint.

6. TMSi admits the allegations contained in paragraph 6 of the Complaint.

7. TMSi admits the allegations contained in paragraph 7 of the Complaint.

8. TMSi admits the allegations contained in paragraph 8 of the Complaint.

9. TMSi admits the allegations contained in paragraph 9 of the Complaint.

10. TMSi admits the allegations contained in paragraph 10 of the Complaint.

11. TMSi admits the allegations contained in paragraph 11 of the Complaint.

12. TMSi admits the allegations contained in paragraph 12 of the Complaint.

13. TMSi denies the allegations contained in paragraph 13 of the Complaint.

14. TMSi admits the allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 merely recites a statutory provision and does not appear to call for a response.

16. Paragraph 16 merely recites a statutory provision and does not appear to call for a response.

17. TMSi denies the allegations contained in paragraph 17 of the Complaint.

18. TMSi denies the allegations contained in paragraph 18 of the Complaint.

19. TMSi denies the allegations contained in paragraph 19 of the Complaint.

20. The remainder of the Complaint is a prayer for relief requiring neither an admission nor a denial. To the extent, however, the prayer for relief implies that such relief is proper or that Plaintiffs are entitled to any remedy or relief in this action, such implication is denied.

21. TMSi denies that any basis exists in law or in fact for Plaintiffs' claims and further denies Plaintiffs are entitled to any of the relief sought by it for its claims set forth in the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The doctrine of laches bars this action.

### THIRD DEFENSE

Defendant is entitled to attorneys' fees and costs to be awarded against Plaintiffs pursuant to §502(g)(1), 29 U.S.C. §1132(g)(1).

### FOURTH DEFENSE

The Complaint is barred, in whole or in part, by estoppel and waiver.

### RESERVATION OF RIGHTS

TMSi reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, TMSi prays for judgment as follows:

1.      That judgment be entered in favor of Defendant and against Plaintiffs and that the Complaint herein be dismissed with prejudice;

2.      That Defendant be awarded its costs of suit herein;

3.      That Defendant be awarded reasonable attorneys' fees as may be determined by the court; and

4.      For such other and further relief as the court may deem just and proper.


Dated:  May 27, 2008                              TRI-STARR MANAGEMENT SERVICES, INC.



                                                  By:     /s/Sara A. Weinberg
                                                          Sara A. Weinberg

Sara A. Weinberg
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60610
Tel: (312) 787-4949
Fax: (312) 787-4995
Email:  weinbers@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Sara A. Weinberg, an attorney, certify that on this 27th day of May, 2008, a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses was served via the electronic filing system of the United States District Court for the Northern District of Illinois upon the following:

Rebecca K. McMahon
Central States, Southeast and Southwest
Areas Health and Welfare Fund
9377 West Higgins Road
Rosemont, Illinois 60018-4938

    /s/ Sara A. Weinberg
    Sara A. Weinberg